IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00629-M

**Derrick Allen**,

    Plaintiff,

v.

**State of North Carolina and Governor Roy Cooper,**

    Defendants.

**Order & Memorandum & Recommendation**

Derrick Allen sues North Carolina and Governor Roy Cooper.[1] He contends that they have failed to compensate him for his wrongful imprisonment or decide his pending pardon petition. *See* Compl., D.E. 1.[2] Allen also asks to proceed without paying the filing fee associated with bringing a civil lawsuit. *See* IFP Mot., D.E. 2. The court will not require him to pay the filing fee because he lacks the resources to do so. But the undersigned recommends that the court dismiss Allen's complaint.

**I. Background**

This case marks Allen's latest attempt to seek redress on his claim of wrongful imprisonment under 42 U.S.C. § 1983.[3] *See Allen* v. *Cooper*, No. 1:19-CV-794 (M.D.N.C. filed

---

[1] Allen filed the case in the District of Columbia, which transferred the matter to this court. D.E. 4.

[2] It appears that Allen filed the identical action three times, as this matter mirrors two others. *See Allen* v. *North Carolina, et al.*, No. 5:24-CV-631-M (E.D.N.C) and *Allen* v. *North Carolina, et al.*, No. 5:24-CV-632-M (E.D.N.C.).

[3] Allen is no stranger to litigation in federal court in North Carolina. By 2021, Allen had filed about 65 cases in the Middle District of North Carolina that were all dismissed for being frivolous, failing to state a claim, or a lack of jurisdiction. *See Allen* v. *Auld*, No. 1:21-CV-776, 2021 WL 5235340, at * 2 (M.D.N.C. Nov. 2, 2021). In this district, he has filed over 20 cases, with many deemed to be frivolous filings. *See Allen* v. *Clarke, et al.*, No. 5:23-CV-114-FL, 2023 WL 4837855, at *2 (E.D.N.C. June 16, 2023) (noting Allen's many filings, with courts considering him a "prolific pro se litigator" and "a serial filer who has taken undue advantage of IFP status" resulting in a two-year injunction on civil actions absent prepayment of full filing fees in one district) (citations omitted).

Aug. 5, 2019). In that action, Allen sought damages claiming he was wrongfully imprisoned on criminal charges from 1998. *Allen* v. *Cooper*, No. 1:19-CV-794, 2019 WL 6255220, at * 2 (M.D.N.C. Nov. 22, 2019). He also requested that his petition be granted. *Id.* And as with the present matter, the complaint alleged police harassment and discrimination in housing and employment harassment. *Id.* He named North Carolina's Office of Executive Clemency, Cooper, and two other state officials as defendants.

A Magistrate Judge recommended the court dismiss the action. *Id.* at * 4. The Recommendation found that the Office of Executive Clemency was not a "person" subject to suit under §1983. *Id.* And he had no constitutional right to clemency. *Id.* Allen could not recover damages from Cooper or other state officials in their official capacities since they constitute claims against the State, which is not a "person" under § 1983. *Id.* And Allen alleged no plausible claim for relief against the State officials in their individual capacities. *Id.* [4]

The District Court ultimately agreed and dismissed the case. Order, *Allen* v. *Cooper*, No. 1:19-CV-794 (M.D.N.C. Sept. 29, 2021), D.E. 25. The Fourth Circuit affirmed that determination. *Allen v. Cooper*, No. 21–2115, 2022 WL 521726 (4th Cir. Feb. 22, 2022).

Allen now brings a similar action. His Complaint echoes the 2019 case—claims against the State and Cooper under § 1983 for damages related to his wrongful imprisonment. Compl. at 1, 3. As in the previous case, Allen claims that he has endured discrimination in housing and

---

[4] Following the Order & Recommendation, Allen filed an amended complaint. In a text order, the Magistrate Judge terminated his previous M&O. *Allen v. Cooper, et al.*, No. 1:19-CV-794 (M.D.N.C. Sept. 21, 2021). He determined that the allegations in the amended complaint did not alter the conclusions in the earlier Recommendation that Allen failed to state a claim. *Id*. So the Magistrate Judge again recommended dismissal for the same reasons. *Id*.

2

Case 5:24-cv-00629-M-RN    Document 9    Filed 12/23/24    Page 2 of 8

employment discrimination. *Id.* at 2. And he maintains that his petition of pardon remains pending.[5] *Id.* at 1. Allen requests $152 billion in damages. *Id.* at 2.

For the reasons below, the undersigned concludes that the Complaint fails to state a claim. So the court should dismiss it.

## II.     IFP Motion

Allen asks the court to allow him to proceed against Defendants without paying the required filing fee or other costs normally associated with a civil lawsuit (otherwise known as proceeding "in forma pauperis" or "IFP"). The court may grant his request if he submits an affidavit describing her assets and the court finds that he cannot pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

The court has reviewed Allen's application and finds that he lacks the resources to pay the costs associated with this litigation. The court thus grants Allen's motion (D.E. 2) and allows him to proceed IFP.

## III.    Screening Under 28 U.S.C. § 1915

Along with determining whether Allen is entitled to IFP status, the court must also analyze the viability of the claims contained in his complaint. 28 U.S.C. § 1915(e). The court reviews a

---

[5] Allen has yet another action against Cooper related to his pardon petition. *See Allen* v. *Cooper, et al.*, No. 5:22-CV-463-BO (E.D.N.C.). Another Magistrate Judge has recommended dismissal of Allen's complaint for failure to state a claim. Mem. & Recommendation at 12, D.E. 5. Among other things, the Memorandum and Recommendation determined that Allen did not state a claim under § 1983 against Cooper and other state employees in their official capacities since they were not "persons" under the statute. *Id*. at 6–8. And it found that his claims related to his clemency application were frivolous. *Id*. at 9–10.

complaint to eliminate claims that unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

The court may dismiss a complaint as frivolous because of either legal or factual shortcomings. *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" *Adams* v. *Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton* v. *Hernandez*, 504 U.S. 25, 32–33 (1992).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Allen's pro se status relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a pro se plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

The court may also dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including—but not limited to—immunity under the Eleventh Amendment, *see Bd. of Trs. of Univ.*

*of Ala.* v. *Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson* v. *Ray*, 386 U.S. 547 (1967).

Allen's claims do not survive screening. The Complaint fails to state a claim because the Eleventh Amendment shields the Defendants from liability. The Complaint also fails to state a claim because neither North Carolina nor Cooper, in his official capacity, are persons subject to suit under § 1983. And the Complaint does not state a cognizable claim against Cooper in his individual capacity. So the undersigned will recommend that the court dismiss it.

A.  **Eleventh Amendment**

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. A State is entitled to Eleventh Amendment immunity when it is sued in federal court by one of its own citizens. *Edelman* v. *Jordan*, 415 U.S. 651, 662–63 (1974); *Va. Off. for Prot. & Advoc.* v. *Stewart*, 563 U.S. 247, 253 (2011); *Constantine* v. *Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005). The Eleventh Amendment thus "bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it." *Passaro* v. *Virginia*, 935 F.3d 243, 247 (4th Cir. 2019). State officials sued in their official capacities are also entitled to Eleventh Amendment immunity because they are considered to be alter egos of the state. *Regents of the Univ. of Cal.* v. *Doe,* 519 U.S. 425, 430 (1997).

Allen names both North Carolina and its Governor, Roy Cooper as Defendants. The Eleventh Amendment shields the State and Cooper, in his official capacity, from suit. So the court should dismiss the Complaint against them.

### B. Section 1983

Allen brings his complaint under 42 U.S.C. § 1983. That statute creates civil liability for any person acting under the color of state law who deprives a plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Id.* So "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West* v. *Atkins*, 487 U.S. 42, 48 (1988); *see also Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Allen names Cooper as a Defendant. But the complaint does not state whether he sues Cooper in his official or individual capacity. Either way, his claims fail.

#### 1. Official Capacity Claims

To the extent that Allen seeks to bring a claim against Cooper in his official capacity, it cannot survive. The Supreme Court has long held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.... As such, it is no different from a suit against the State itself." *Will* v. *Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). As noted above, the Eleventh Amendment forecloses such a claim.

#### 2. Individual Capacity Claim

If Allen intended to bring a claim against Cooper in his individual capacity, it, too, is subject to dismissal. An official is not liable unless he acted personally in the deprivation of the plaintiff's rights. *Vinnedge* v. *Gibbs*, 550 F.2d 926, 929 (4th Cir. 1977).

The complaint offers no specific factual allegations of how Cooper violated Allen's rights. Allen does not claim that Cooper had a hand in his wrongful imprisonment. Allen asserts that there has been no decision on his pardon petition.

A decision to grant or deny clemency is within the governor's sound discretion. *See Armondo Soto* v. *North Carolina*, No. 5:17-CT-3187-D, 2018 WL 7958118, at * 1 (E.D.N.C. Sept. 27, 2018) (generally there is no right to clemency and, aside from minimal due process protections, there are limited Constitutional implications in executive clemency decisions), *adopted*, 2019 WL 1507405 (E.D.N.C. Apr. 5, 2019); *Bacon* v. *Lee*, 353 N.C. 696, 704, 549 S.E. 2d 840, 846–47 (2001) ("The people of North Carolina have vested their Governor with virtually absolute clemency authority since the adoption of their first Constitution in 1776.").

Yet the complaint does not explain why a lack of decision on Allen's petition for pardon constitutes a constitutional or legal violation. It is void of any claims suggesting "truly outrageous" clemency proceedings that are necessary to trigger due process concerns. *Armondo Soto,* 2018 WL 7958118, at * 1 (quotation omitted). As a result, he has not stated a claim against Cooper under § 1983. So the court should dismiss the complaint on this basis.

## IV. Conclusion

For the reasons discussed above, the court grants Allen's motion to proceed IFP (D.E. 2). But the undersigned recommends that the court dismiss his complaint (D.E. 1).

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

7

Case 5:24-cv-00629-M-RN    Document 9    Filed 12/23/24    Page 7 of 8

Dated: December 23, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge